United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR EDUARDO RIVAS LOPEZ, Petitioner, v. TONYA ANDREWS, *et al.*, Respondents. | Case No. 1:26-cv-06138-NW **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** Re: ECF Nos. 1, 4 |

Petitioner Edgar Eduardo Rivas Lopez is a native of Mexico who came to the United States on a B2 visa in 2004 when he was thirteen years-old. ECF No. 1 ¶ 23; ECF No. 9-1 at 1. On June 30, 2026, he was pulled over by U.S. Immigration and Customs Enforcement ("ICE") in Ogden, Utah, placed under arrest, and approximately a week later was transported to the Golden State Annex where he remains detained. ECF No. 1 ¶ 23.

Petitioner filed the instant petition for writ of habeas corpus and application for a temporary restraining arguing that his detention violated due process. For the reasons that follow, the Court finds that Petitioner has failed to exhaust his administrative remedy of appealing his bond determination to the BIA, dismisses the instant petition, and denies the application for a temporary restraining order as moot.

## I. BACKGROUND

Petitioner has lived in the United States since he was thirteen-years old—now amounting two over twenty-two years. *Id*. He lives in Utah where he owns a landscaping business, holds a valid United States driver's license, and is the father of two children, both citizens of the United States by birth. ECF No. 9-1 at 2–3. He has also sought lawful immigration status with USCIS on several occasions over the last two decades, but it appears all his applications for relief have been denied by immigration authorities. *Id*. at 2. USCIS denied his most recent application to register

for permanent residence in 2017. *Id*. It does not appear that Petitioner continued to seek legal status after this denial. Petitioner also has a criminal history in the United States, including charges for domestic violence. ECF No. 9-2 at 5.

Petitioner was pulled over by ICE and arrested on June 30, 2026. ECF No. 1 ¶ 23. Following his arrest, Petitioner had a custody redetermination hearing before an immigration judge on July 28, 2026, who denied bond on a finding that Petitioner "is a significant flight risk." ECF No. 9-3 at 1. The order does not include any findings of fact or identify what evidence was considered. Rather, it consists of a checked box stating "Denied" with the one sentence reasoning listed above. It appears Petitioner has until August 27, 2026, to appeal that decision. *Id*. at 2.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner contends that he has been unlawfully detained in violation of due process. Respondents move to dismiss the petition on two grounds. First, they argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A). ECF No. 9 at 1. Second, they contend that the petition should be denied for failure to exhaust administrative remedies because Petitioner has had a bond hearing, and should be required to appeal that decision before seeking habeas relief. *Id*.

The Court can quickly dispose of Respondents' argument with respect to § 1225(b)(2)(A). As Respondents candidly acknowledge, the application of § 1225(b)(2)(A) to noncitizens arrested in the interior of the country was rejected by the Ninth Circuit in *Rodriguez Vazquez v. Bostock*, No. 25-6842, __ F.4th__, 2026 WL 2196424 (9th Cir. July 30, 2026). The Court, therefore, rejects that § 1225(b)(2)(A) mandates Petitioner's detention here. Additionally, records submitted by Respondents indicate that Petitioner was already provided a bond hearing pursuant to § 1226(a). *See* ECF No. 9-3 (bond hearing order noting that Petitioner "requested a custody redetermination pursuant to 8 C.F.R. § 1236"). As Petitioner is a noncitizen "present without admission[,]" and was "apprehended in the interior of the United States[,]" he is "subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Rodriguez Vazquez*, 2026 WL 2196424, at *3.

The Court further finds that the petition is premature as Petitioner has failed to exhaust his administrative remedies by appealing his §1226(a) bond determination to the BIA. Although 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus," Ninth Circuit precedent may "require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Specifically, Courts may require prudential exhaustion if: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quoting *Noriega–Lopez v. Ashcroft,* 335 F.3d 874, 537 (9th Cir.2003)).

The *Puga* factors weigh in favor of requiring exhaustion here. As to the first *Puga* factor, "the BIA has subject-matter expertise for individual immigration bond decisions and the authority to review appeals of such decisions by IJ's." *Martinez v. Scott*, No. 2:25-CV-01538-TSZ-GJL, 2025 WL 2689844, at *4–5 (W.D. Wash. Aug. 27, 2025), *report and recommendation adopted*, No. C25-1538 TSZ, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025). Additionally, an appeal of

United States District Court
Eastern District of California

Petitioner's order to the BIA would have the effect of generating a more complete record of the bond hearing proceedings—something that the Court is currently lacking as Petitioner has not put forth any evidence as to what actually occurred at the bond hearing.

The second factor also weighs in favor of requiring exhaustion. "Granting petitioner's requested relief would 'bypass' the administrative scheme under § 1226(a) and its implementing regulations." *See Okoth v. Kaiser*, No. 1:25-CV-01936-KES-SAB, 2026 WL 45199, at *3 (E.D. Cal. Jan. 7, 2026) (finding that the second *Puga* factor weighs in favor of prudential exhaustion). The Court of Appeals has held that § 1226's procedures facially satisfy due process. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022). While *Rodriguez* did not foreclose as-applied challenges to § 1226(a), the instant petition ultimately challenges the finding of flight risk made by the Immigration Judge ("IJ"), even though the claim is labeled as a violation of due process. Petitioner has not argued that he was afforded insufficient process at the hearing itself, such as, for example, the IJ refusing to consider evidence or hear testimony. Indeed, Petitioner has not provided any facts with respect to what actually occurred at the bond hearing. Rather, his claim rests almost entirely on the fact that the IJ did not produce a fulsome written order.

Third, "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *See Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017). The BIA "has the authority to correct … erroneous factual determinations and evidentiary errors[.]" *Martinez*, 2025 WL 2689844, at *5. It may be the case that the IJ erroneously found Petitioner to be a flight risk, but that is not for this Court to decide. "[A]llow[ing] the agency to correct its own mistakes" could "preclude the need for judicial review." *See Hernandez*, 872 F.3d at 988. Accordingly, all three factors support exhaustion here.

The Court further finds that Petitioner has not made a showing that exhaustion should be excused. Where the *Puga* factors weigh in favor of prudential exhaustion, courts may waive the exhaustion requirement when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)

(citation omitted). "The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies." *Chavez v. Noem*, 801 F. Supp. 3d 1133, 1139 (S.D. Cal. 2025).

Petitioner argues that exhaustion should be waived because (1) it would be futile as the IJ placed the burden of proof on him at the bond hearing, and (2) it would cause irreparable harm. Neither argument is persuasive. As to Petitioner's futility argument, there is nothing in the record from which the Court can conclude what burden of proof was employed at the bond hearing, or if any other possible due process violations occurred at the hearing. Indeed, the petition does not bring any claims with respect to Petitioner's bond hearing. And, in any event, the Ninth Circuit has found that due process does not always require placing the burden of proof on the government at § 1226(a) bond hearings. *See Rodriguez Diaz*, 53 F.4th at 1213 (finding that due process did not require that the burden of proof be on the government at petitioner's second § 1226(a) bond hearing). As to irreparable harm, Petitioner has not made such a showing where there is no evidence in the record of the time it will take for him to appeal his bond denial, or evidence of immediate harm, such as a medical condition or being the primary caregiver of a child. *C.f.*, *Mahashin v. Hernandez,* No. 2:26-CV-01804-JHC, 2026 WL 1733519, at 2 (W.D. Wash. June 16, 2026) (finding irreparable harm where petitioner had been detained for over 600 days and was allegedly being starved by guards); *Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1003 (N.D. Cal. 2018) (finding irreparable harm where petitioner was the primary caregiver for her child, and had already appealed her bond decision to the BIA).

Accordingly, the Court dismisses the petition without prejudice to Petitioner refiling after further exhaustion of administrative remedies, or more fulsome evidence regarding the process provided to Petitioner at the hearing. The Clerk of the Court is ordered to enter judgment for Respondents and close this case.

**IT IS SO ORDERED.**

Dated: August 18, 2026

Noël Wise
United States District Judge